**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DONNY SEALE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-201-JMS-MJD |
| | ) | |
| RICHARD BROWN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Donny Seale, Jr., seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVE 12-04-0048. In that proceeding, Seale was found guilty of violating prison rules by attempting to traffic "with anyone who is not an offender residing in the same facility." The evidence supporting this finding is that on July 19, 2012, mail addressed to Seale was found to contain contraband consisting of seven strips of suboxone, a controlled substance. Contending that the proceeding is tainted by constitutional error, Seale seeks a writ of habeas corpus. The Court finds, however, that there was no error of that nature and that Seale's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1.      Seale is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45

(7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

     2.     In these circumstances, Seales was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

     3.     Under *Wolff* and *Hill,* Seale received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Seale was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions imposed. His arguments that he was denied due process as to claims which were included in his administrative appeal are either refuted by the expanded record or based on assertions which do not entitle him to relief. Thus, the evidence reasonably suggests that Seale, the intended recipient of the contraband, had some involvement in the matter. His contention that due process requires "substantial evidence" of guilt is not the law. The role of Seale's lay advocate does not implicate the due process guarantee of *Wolff* and he has not identified any evidence which he requested and was denied.

4.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Seale to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date:  _05/07/2013_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

DONNY SEALE, JR
169566
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Janine.huffman@atg.in.gov